Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 399 | **DATE** | 12/11/2001 |
| **CASE TITLE** | Stephen Assam vs. Elizabeth Assam-Metzler et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant moved to strike plaintiff's response. Plaintiff countered with this motion to amend the complaint. That we deny, and we continue defendant Assam-Metzler's motion for judgment on the pleadings and defendant First Union National Bank's motion to dismiss. That leaves the counterclaims, which we leave to another day, and the filing of consent by the son, which should be filed prior to a status on February 7, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 12 2001 date docketed | |
| | Notified counsel by telephone. | | 31 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
DEC 12 2001

| | |
|---|---|
| STEPHEN ASSAM, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 01 C 399 ) |
| ELIZABETH PATRICIA ASSAM-METZLER and HARTLAND MORTGAGE CENTERS, INC., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Almost a year ago plaintiff filed this action. It concerns rights regarding one residence. But that was not the first complaint plaintiff filed. In April 1999, he sued in state court, claiming that a quit claim deed purportedly executed by plaintiff and his mother to his sister was a forgery, and that he was entitled to the ownership of the property. Defendant Assam-Metzler ("defendant" hereinafter), asserts that plaintiff dismissed that action one step away from the court's dismissal of that action because of his failure to comply with court orders. From what the parties represent, it appears that the defendant claimed plaintiff did sign the quit claim deed, the state court ordered plaintiff to provide exemplars of his signature, and he refused.

In any event, the dispute then moved to federal court, where plaintiff totally changed the factual basis for his claim. Here he claimed that he is the trustee of a resulting trust for the benefit of defendant, that defendant forged a deed to convey title back to herself, that the deed is void and that therefore a mortgage defendant subsequently obtained on the property is void. Defendant responded, contending that as a sole beneficiary of a resulting trust she

could terminate the trust at any time. She also counterclaimed, asserting that plaintiff breached his fiduciary duties by seeking conveyance of the title to himself, and by refusing to recognize the termination of the resulting trust has caused her to incur substantial attorneys' fees and has clouded the title with a *lis pendens*.

Defendant then filed a motion for judgment on the pleadings and the mortgage company, First Union National Bank, joined in. She contended, correctly, that the sole beneficiary of a resulting trust can terminate the trust and she did so – and how she did so is of no legal concern. Plaintiff then recognized that, yes, the sole beneficiary of a resulting trust could terminate the trust, but, according to plaintiff, this is really not a resulting trust. He was wrong to describe it as such because it really was an express oral trust. Besides, not all the beneficiaries have joined in the termination. She has two sons and she may have more children or may adopt some. Finally, he claims that defendant has not responded to some requests to admit and they are therefore admitted.

Defendant moved to strike plaintiff's response, pointing out that plaintiff has once again changed his facts and theory and has used that change, which is not a part of any pleading, as a reason to deny judgment on the pleadings. Plaintiff countered with this motion to amend the complaint. That we deny, and we continue defendant Assam-Metzler's motion for judgment on the pleadings and defendant First Union National Bank's motion to dismiss.

We stayed discovery, hoping to minimize the expense to the parties until pleading matters were resolved. Requests to admit were within the ambit of that decision. Defendant has admitted nothing.

We are not prepared to give plaintiff a third bite out of the apple. Each change of position has been inconsistent with the prior positions. Plaintiff's allegations that he is the

trustee of a resulting trust is a judicial admission and he is bound by it. Moreover, even if he were not, his claim would still fail. "[I]f the evidence is capable of reasonable explanation upon any other theory, it is not sufficient to to establish an oral express trust." <u>In re Estate of Zuckerman</u>, 161 Ill.Dec. 121, 578 N.E.2d 248, 252 (Ill.App. 1 Dist. 1991). Plaintiff, by his complaint, has made it clear that the circumstances are capable of being reasonably explained as a resulting trust. We are, as well, somewhat puzzled why plaintiff is pursuing such a claim. There is no dispute that defendant lives in the residence, has lived there for many years, and has at least a beneficial interest in it, which plaintiff does not. He seems to be seeking to have the ultimate say about the use of the residence – but for the benefit of defendant, and to void a mortgage where defendant got the proceeds and is quite prepared to live up to the agreements she has made.

We are, however, troubled by one aspect. The deposition extracts suggest that defendant created the resulting trust because she was ill and she wanted her two sons provided for if something happened to her. They may well be contingent beneficiaries and, if they are, it would appear that they have to acquiesce in the termination of the trust. *See* <u>In re Estate of Morgan</u>, 30 Ill.Dec. 656, 393 N.E.2d 692 (Ill.App. 1 Dist. 1979). We are advised that they are prepared to do so, and, to avoid needing to explore this issue further (and we note that plaintiff previously has described defendant as the sole beneficiary), they should do so.

Finally, we do not believe that Illinois still clings to the fiction that an older woman can bear children. *See* <u>Korten v. Chicago City Bank and Trust Co.</u>, 127 Ill.Dec. 484, 533 N.E.2d 102 (Ill.App. 1 Dist. 1988). We are concerned only with the sons.

That leaves the counterclaim, which we leave to another day, and the filing of consent

by the son, which should be filed prior to a status on February 7, 2002, at 9:15 a.m.

*(signature)*
JAMES B. MORAN
Senior Judge, U. S. District Court

_Dec. 11_, 2001.