Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 399 | **DATE** | 3/19/2002 |
| **CASE TITLE** | Stephen Assam vs. Elizabeth Patricia etc.et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We grant defendants' motion for judgment on the pleadings. That leaves the counterclaim. Most of it has been resolved by this and prior rulings. Defendant has, we have ruled, validly terminated the resulting trust. But that we leave to another day, although with the observation, made several times before, that this matter should come to an end without further expenditure of time and effort. Status hearing set for April 3, 2002 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | MAR 20 2002 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHEN ASSAM, )
)
    Plaintiff, ) Case No. 01 C 0399
)
v. ) District Court Judge Moran
)
ELIZABETH PATRICIA )
ASSAM-METZLER and HARTLAND )
MORTGAGE CENTERS, INC., )
)
    Defendants. )

## MEMORANDUM ORDER AND OPINION

We have twice, on December 11, 2001 and January 3, 2002, ruled on pending matters. Those left open one issue, which might or might not be relevant, whether defendants' sons, as possible contingent beneficiaries, consented to the termination of the resulting trust. Rather than having the parties expend any further time briefing some rather arcane Illinois real property issues, we suggested, after we were advised that they did so consent, that they do so in writing. They did so on February 4, 2002.

Plaintiff was not satisfied. At a status on February 7, 2002, his counsel contended that he thought the sons had to be added as parties and that, in any event, he contested the voluntary nature of son Auldwin A. Metzler's consent. So the record might be wholly clear, we permitted plaintiff to take a very short deposition of Auldwin and to file any resulting motion by March 5, 2002.

No deposition was taken. At the March 5, 2002 status, plaintiff's counsel contended a deposition would be futile because, he claimed, Auldwin had told plaintiff he was coerced into signing the affidavit but would not say so at a deposition. In the meantime, defendant had filed a

reaffirming affidavit, executed by Auldwin. Plaintiff has also filed a motion to dismiss defendant's counterclaim, using that motion as a vehicle to argue that the sons must be named as parties, even though their interests are at most contingent and they disclaim any interest in the property. We deny the motion to dismiss the counterclaim and we decline to add the sons as parties. Enough has been expended on this family squabble already. We grant defendants' motion for judgment on the pleadings.

That leaves the counterclaim. Most of it has been resolved by this and prior rulings. Defendant has, we have ruled, validly terminated the resulting trust. She has the entire interest in the property and plaintiff has no interest in the property. Thus, any lis pendens asserted by plaintiff is null and void. There is, as well, a claim for damages and costs. She is entitled to costs as the prevailing party. Perhaps she is entitled to damages based on a claim that plaintiff, the sometime trustee of the resulting trust now terminated, in breach of fiduciary obligations caused her harm. But that we leave to another day, although with the observation, made several times before, that this matter should come to an end without further expenditure of time and effort.

ENTERED:

James B. Moran
United States District Court Judge

Dated: 3/19/02

G:\WPTEXT\Assam01c399MO&O.wpd

2